To: Judge N.K. Laughrey,

MAILED ON: SAT., OCTOBER 28, 2017

From: Michael G. Postawko, #533578, at ERDCC

IN RE.: If it were possible I'd swear under oath and penalties of perjury of all applicable laws, and I do so swear that everything in this letter is true and accurate, so help me — concerning the Courts "Amended Scheduling and Jury Trial Order", Doc. 162, dated Sept. 29, 2017.

I received this order sent from Catherine Zollicker on Friday October 20, 2017, concerning discovery issues, some are already past their deadlines — some, and or the others are due by Nov. 7, 2017. I did not receive the court's order, Doc. 166, until Friday afternoon (late) October 27, 2017.

1

INFORMING ME THAT I AM NOW AND SUDDENLY RESPONS-
IBLE FOR MY CASE INCLUDING DATES. ON OCTOBER 22, 2017
I SENT A LETTER TO THIS COURT OUTLINING SEVERAL
ISSUES ABOUT HEALTH, AND AD SEG., AND ETC.; FOR THE
REASONS SET FORTH IN SAID LETTER PLUS THE ISSUE I
NOW ADD TO THAT LIST I AM PLACED IN AN ABSOLUTE
AND CERTAIN, IMPOSSIBLE SITUATION AND THERE IS NO WAY
CONCEIVABLE THAT I CAN/COULD MEET ALL THESE DEADLINES
THAT I DID NOT KNOW EVEN EXISTED (i.e. LACK OF CONSTRUED
KNOWLEDGE) TIL ONE WEEK AGO, AND NOT MADE AWARE
TIL YESTERDAY THAT I'LL BE RESPONSIBLE FOR MEETING
THESE DEADLINES. IT WOULD BE VERY DIFFICULT INDEED
FOR EVEN THE BEST OF ATTORNEYS TO MEET THESE WHILE
IN THE SAME DIRE STRAITS I PREVIOUSLY SET FORTH TO

2

THIS COURT IN THE ABOVE CITED LETTER.

FURTHERMORE, ALL OF THE DATES AND OTHER DATA

THIS COURT HAS REQUIRED IN IT'S ORDER FOR ANY PER-

SON TO SUPPLY (ORIGINAL DATES, NO. OF PREVIOUS EXTEN-

SIONS, AND ETC.)* IS INFORMATION THAT FOR THE MOST

PART I DO NOT HAVE, NOR HAVE EVER HAD. YET ANOTHER

IMPOSSIBLE SITUATION DUMPED ON ME AT THE VERY MOST

INOPPORTUNE OF TIMES. SO VERY INOPERTUNE, AND SUCH

CRITICAL AS TO THE TIMING OF SO MANY DIFFERENT

THINGS HAPPENING IN SUCH A SHORT TIME SPAN JUST DAYS

BEFORE CRITICAL DEADLINES; ONE COULD EASILY THINK

SUCH EVENTS WERE CAREFULLY CRAFTED TO "PLAY OUT"

IN SUCH FASHION AS TO DESTROY ANY HOPE MY CASE

MAY HAVE HAD TO PREVAIL. FURTHER YET, C. ZOLLICKER

* IN ORDER TO REQUEST AN EXTENSION

3

JUST 4 DAYS AFTER THE DEADLINE FOR EXPERT WITNESS DESIGNATIONS FILED A MOTION TO WITHDRAW AS COUNSEL, WITHOUT ANY FORE-WARNING TO ME. WHY DID SHE NOT FILE AN EXTENSION BEFORE THIS DEADLINE EXPIRED? WHY DID SHE NOT EVEN NAME A TENTATIVE EXPERT BEFORE THIS DEAD-LINE EXPIRED? THAT IS A VERY, VERY "ROOKIE" MISTAKE TO MAKE IN A CASE THAT SO MUCH CASELAW, EVEN SUPREME COURT CASES SPECIFICALLY CITE THE NEED FOR EXPERT TESTIMONY IN A CASE INVOLVING MEDICAL AND OR SCIENCE MATTERS, AND THIS CASE HAS BOTH. SUPPORTING CASES ARE HELLING V. MCKINNEY, BEARD V. BANKS, DO NOT HAVE THESE CITATIONS AVAILABLE CURRENTLY BOTH ARE S.Ct. CASES. INDEED, AND INFACT MRS. ZOLLICKER COULD NOT HAVED PICKED A MORE DANDY TIME TO QUIT MY CASE EVEN IF

4

SHE WERE SINGLE-HANDEDLY TRYING TO DESTORY TMP.

ANY HOPES MY CASE MAY HAVE HAD. PLAINTIFF ENTERS HIS

OBJECTIONS TO POLSINELLI, PC. PULLING OUT OF THIS

CASE AT SUCH CRITICALLY IMPORTANT TIMING. I ASK

THE COURT TO RECONSIDER GRANTING POLSINELL, PC

THE RIGHT TO QUIT AT SUCH A CRITICAL JUNCTURE.

THEY [POLSINELLI PC] SHOULD BE REQUIRED TO SEE THIS

CASE THROUGH "ALL" DISCOVERY ISSUES AND THEN THEY

COULD HAVE REQUESTED TO WITHDRAW, BECAUSE OF

THE VERY CLOSE PROXIMITY OF SO MANY DISCOVERY DEAD-

LINES, AND THE PLAINTIFF'S SEVERAL SERIOUS AND

EXTRAORDINARY ISSUES HE IS CURRENTLY SUBJECTED

TO ALL AT ONCE AS DESCRIBED IN THE PREVIOUSLY

CITED LETTER OF OCT. 22, 2017 TO THIS COURT.

5

for Mrs. Zollicker to knowingly let the deadline expire without naming an expert and then four days after the deadline to file a motion to withdraw is completely unethical and unprofessional. Her and I spoke at length several times on this issue, so she obviously realized it is a key issue in this case. I have worked very hard on my case, if I were ever wrong on any point of law or did not follow proper form and or protocol, it was only for my lack of training. Neither my case or myself have ever done anything to deserve this manner of treatment.

The defendants and Mrs. Zollicker have added mountains of burden to an alredy cumbersome, large pile of stress

6

*Michael Posturko*

Michael G. Postawko #533578
ERDCC
2727 HWY. K
Bonne Terre, Mo. 63628

This correspondence is from an inmate in the custody of the Missouri Department of Corrections. The Department is not responsible for the content of this correspondence. For information about the Department or to verify information about the offender, please visit our website at www.doc.mo.gov.

LEGAL MAIL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CHARLES EVANS WHITTAKER COURTHOUSE
400 EAST 9th STREET
RM. 1510 = attn: JUDGE N.K. LAUGHREY
KANSAS CITY, MO.
64106

64106-260799